NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES, Plaintiff. | **OPINION** |
| v. | 11-cr-887 (WHW) |
| JOHN EZRA SMITH, Defendant. | |

**Walls, Senior District Judge**

Pro se Petitioner John Ezra Smith ("Smith") moves for termination of the remainder of his supervised release under 18 U.S.C. § 3583(e)(1). Under Federal Rule of Civil Procedure 78 this Court decides and grants the motion without oral argument.

## FACTUAL AND PROCEDURAL HISTORY

On December 10, 1999, Smith pled guilty before a District Judge in the Eastern District of Virginia to Count 1, conspiracy to possess cocaine base in violation of 21 U.S.C. § 846, of a 6 Count indictment. On March 8, 2000, the District Court sentenced Smith to 292 months imprisonment and ordered 10 years of supervised release. On May 19, 2006, the District Court ordered Smith's sentence reduced from 292 months to 90 months, with credit for time served. Smith's term of supervised release began on May 23, 2006. By Order dated December 28, 2011, supervision of Smith was transferred to this Court. ECF No. 1.

On January 28, 2013, Smith moved to terminate his supervised release. Smith argues this Court should terminate his release due to his exemplary post-conviction behavior. Mot. for Release 2-3. Smith maintains employment as a school counselor for the Newark Public Schools,

is the founder of a non-profit called H.O.P.E (Home Of Positive Enlightenment) which assists inner city teenagers, and married September 2, 2011. Mot. for Release 3. He is in full compliance with the terms of his supervision including abstention from drug use, compliance with the probation office, and lack of an additional criminal record. The government responded on May 23, 2013 and took "no position" on the early termination in light of "the length of his term of supervised release, the fact that defendant was not sentenced in this district and would likely not have received such a lengthy term of supervised release, representations of United States Probation Officers who have supervised defendant, and the defendant's record of compliance." Response to Mot. 1-2.

## DISCUSSION

After consideration of the factors set forth in Section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), this Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C.A. § 3583(e)(1). Section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) outline the factors to be considered in imposing a sentence:

> **(a)** . . . . The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider --
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed
> . . . .
>     **(B)** to afford adequate deterrence to criminal conduct;

     **(C)** to protect the public from further crimes of the defendant; and
     **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
. . . .
**(4)** the kinds of sentence and the sentencing range established for--
     **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
. . . .
**(5)** any pertinent policy statement--
. . . .
**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
**(7)** the need to provide restitution to any victims of the offense.

Section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

  This Court holds termination of Smith's supervised release is appropriate in the interest of justice. Smith has completed his period of incarceration without incident and nearly seven years of supervised release with success. He has not reoffended, has been in compliance with his probation requirements, has abstained from drug use, and has built a productive and stable life. He is employed, married, and has given his time to start a charitable endeavor. The Government does not oppose his release from supervision and has even noted Smith "would likely not have received such a lengthy term of supervised release" in this District. Response to Mot. 1. This Court finds there is no compelling reason to continue supervision in this case.

## CONCLUSION

Petitioner's motion to terminate his supervised release is hereby GRANTED.

               **s/ William H. Walls**
               United States Senior District Judge